Judge Owsley
delivered the opinion of the court.
. This court is of opinion, as was decided in the case of Ilobbs against the commonwealth, 3 Bibb, 322, that no person becoming a county creditor after the levy is laid, dan sustain a motion, in his own name, against the delib* *569 qüent collector and his Securities, upon a bond given in pursuance, of the act of Mfrch, 1797, concerning tithables, &c. 1 Littell, 678.
Bibb for appellant, B. Hardin for appellee.
On a bond gi-v n by a sheriff &c. under Hie act of ’97, (1 Litt. 678,) . county creditor becoming so after the dare of the bond,cannot maintain amotion in his own name vs, the sh’ff, &c. Such motion may be maintained under the act of ’92, (1 Lit 85)
The order directing t e sheriff to pay the c’nty creditor, is no evidence that the sh’ffis indebted to the county.
To charge that fact he the persons denominated securities, they must be proved to be so, if contested.
; But, it is also of opinion, that all county creditors, whether they become such either before or after the collection, may be bound to pay the duties directed by law to be collected, may, according to the act of 1792, concerning sheriffs, (1 Littell, 85,) sustain a motion in their own name, against the sheriff and his sureties, upop their bond given in pursuance to that act. But on the trial of such a motion, an ex par té order directing the sheriff to pay the creditor, though conclusive of the person named being a county creditor, it is insufficient to prove that the sheriff, at the time of the making the order, was indebted to the county. Ahd to charge the persons named in the notice as sureties of the sheriff, evidence of their being such should, moreover, if contested, be introduced.
But there having been no evidence produced in this case, on the trial in the county court, either of the sheriff being indebted to the epunty, or the persons named being, in fact, his sureties, the judgment must be reversed with cost, and the cause remanded to that court, and further proceedings had not. inconsistent with this opinion.